## King *et al. versus* Kelley for use of Marvin *et al.*

1. The defendants being indebted to the equitable plaintiffs as a firm, each member of the latter firm gave notice to defendants not to pay any of the indebtedness to the other. *Held,* that such notice did not relieve the defendants from liability for interest on their indebtedness.

2. The plaintiffs drew an order on the defendants in favour of Camp & King, which was accepted: before the time of payment, the plaintiffs gave the defendants notice not to pay the order. *Held,* that by the order and its acceptance, the acceptors became directly liable to the payees, and that the drawers could not recover the amount of the order without taking it up or offering at the trial to return it.

ERROR to the Court of Common Pleas of *Erie county.*

In the court below this was an action of covenant, William Kelley, for the use of John Marvin and Jehiel Towner, doing business as Marvin & Co., against Wilson King, John S. Brown, Irvin Camp, and others, doing business as King, Brown & Co.

King, Brown & Co. were contractors for the construction of sixty miles of the Sunbury and Erie Railroad. They sub-let five miles to William Kelley, who, without doing any work, sub-let it to Marvin & Co., Kelley to receive 10 per cent. of the contract price. The railroad company recognised only King, Brown & Co., to whom all estimates passed to the sub-contractors; Marvin & Co. drew their estimates directly from King, Brown & Co.,

the assignment from Kelley having been approved by them: thus King, Brown & Co. became debtors to Marvin & Co. for their estimates. A final estimate of all, *except extra allowance,* was made in November 1859. By a settlement, February 4th 1862, it was ascertained that there was due to Marvin & Co., November 1st 1859, in cash and bonds reduced to cash, $5720.17. There was evidence that the defendants received interest from the railroad company on the indebtedness to them.

After November 1st 1859, and prior to March 19th 1860, King, Brown & Co. procured a re-estimate of work on their entire contract, of which the share on Marvin & Co.'s contract was finally adjusted at $7570.96; this, being reduced to cash, and deducting Kelley's 10 per cent., left the balance due Marvin & Co. $5178.45, in addition to the amount due November 1st 1859.

March 19th 1860, Marvin & Co. made the following order:

"Messrs. King, Brown & Co.:

"Please pay Irvin Camp and Wilson King the amount which may be awarded us on claims growing out of contract between King, Brown & Co. and William Kelley, subsequently assigned to John Marvin & Co. the acceptance of this order to be in full of all our claims on King, Brown & Co., under said contract— except what may be now due us on estimates up to January 1860, said contract being for sections Nos. 23, 24, 25, and 26 of the Western Division of the Sunbury & Erie Railroad.

"MARVIN & Co.

"Waterford, March 19th 1860."

Across the face of said order is the acceptance of it in the words following:

"Accepted. To be paid when the S. & E. RR. Co. pays King, Brown & Co. the amount due on final estimate.

"J. W. RYAN, Treasurer.

"August 20th 1860."

Marvin & Co., alleging that this order had been fraudulently procured, on October 18th 1860, notified King, Brown & Co. not to pay it.

In March of the same year Marvin had given King, Brown & Co. notice not to pay any moneys due Marvin & Co. to his partner Towner, and Towner gave a similar notice not to pay them to Marvin. July 30th 1861, a creditor of Marvin & Co. attached their funds in the hands of King, Brown & Co. for a debt of $667.15, and March 10th 1862, another creditor laid a similar attachment for a debt of $1572.31. King, Brown & Co. did not pay King & Camp on Marvin & Co.'s order, but deposited stocks and bonds with the firm of Vincent, Bayley & Co. to pay the

[King *et al. v.* Kelley.]

amount due Marvin & Co. upon the termination of the litigation. This suit was brought December 12th 1860, and June 19th 1862 the defendants paid into court $5600, the amount admitted by them to be due Marvin & Co., besides the sum embraced in the order of March 19th 1860.

On the trial the defendants submitted, amongst others, the following points:—

1. That the plaintiffs are not entitled to recover interest on the sum of $5600.17 found due them on settlement on the 1st day of November 1859 from the 10th day of March 1860 until June 19th 1862, as defendants were notified by John Marvin not to pay the money to his partner, Towner, and Towner's notice not to pay Marvin.

2. If the jury believe from the evidence there was a controversy existing between Mr. Marvin and Mr. Towner, his partner, as to the ownership of the said sum of money found due Marvin & Co. from defendants, and said partners each notified defendants not to pay said money to the other, defendants are not liable for interest while Marvin and his partner were litigating their respective claims to said money.

5. The paper given in evidence by defendant, bearing date March 19th 1860, is in its legal effect an assignment or transfer to Irvin Camp and Wilson King by Marvin & Co., of all the right and interest of said Marvin & Co. in and to all the estimate to them, in the final estimate to King, Brown & Co., made March 6th 1860, upon the acceptance by King, Brown & Co., of said order or assignment, and the said Marvin & Co. having so parted with their interest in said estimate before the commencement of this suit, they are not entitled to recover any part of the estimate to King, Brown & Co. after the 1st of January 1860.

6. The order of Marvin & Co. on King, Brown & Co., and by them accepted, in favour of Irvin Camp and Wilson King, bearing date March 19th 1860, is a bar to the plaintiffs' recovery for any claim they may have had on King, Brown & Co., arising out of the contract for building secs. 23, 24, 25, and 26 of the western division of the Sunbury and Erie Railroad, except what was due Marvin & Co. on estimates up to January 1860.

7. If the plaintiffs are entitled to recover in this case they are not entitled to recover interest on the amount due them out of the estimate of March 6th 1860, the same money being claimed by King & Camp, by virtue of said order or assignment of said Marvin & Co., and the right of Marvin & Co. to it being disputed by them.

The court (Johnson, P. J.) answered all these points in the negative, and the answers are here assigned for error.

[King *et al. v.* Kelley.]

*J. C. & F. F. Marshall,* for plaintiffs in error.—The first and second points present one question:—as to interest. The partners Marvin and Towner were litigating the right to the money in defendants' hands, and each had given notice not to pay to the other. A garnishee is not liable for interest while restricted from payment by the attachment: Fitzgerald *v.* Caldwell, 2 Dall. 215, s. c. 4 Dall. 251; Updegraff *v.* Spring, 11 S. & R. 188; Sickman *v.* Lapsley, 13 Id. 224. Nor a guardian while exceptions are pending: Diettrich *v.* Heff, 5 Barr 87. Nor a sheriff for money collected until demand: Hantz *v.* York Bank, 9 Harris 291. Nor a purchaser at sheriff's sale who has deposited a bond in court in lieu of purchase-money: Oliphant *v.* Frost, 9 Barr. 308. The principle is the same here. Defendants could not pay safely to either partner: they had nothing to do with the quarrel.

The fifth and sixth points present the question whether the acceptance of a draft is a good defence by the acceptor in a suit brought by the drawer against the acceptor for the original debt. An order which makes an appropriation of a fund amounts to an equitable assignment: Ex parte Ansell, Ambler 297; Ex parte Byas, 1 Atk. 124; Bates *v.* Dandy, 2 Id. 207; Inglis *v.* Inglis, 2 Dall. 49; Clemson *v.* Davidson, 5 Binney 398; Nesmith *v.* Drum, 8 W. & S. 9. The acceptance was a contract by the defendants to pay the money to King & Camp, who could sustain an action against defendants in their own name. By the order and acceptance the defendants ceased to be the debtors of Marvin & Co., and became the debtors of King & Camp. By their own act Marvin & Co. parted with their entire interest, and could not sustain an action against the defendants, whose liability by their acceptance became fixed to King & Camp. An assignment, although not formal, prevents the assignor from exercising authority over the property assigned: Buchanan *v.* Taylor, Add. 154. This is an absolute transfer, binding at law: Row *v.* Dawson, 1 Ves. 331; Sharpless *v.* Welsh, 4 Dall. 279. The difficulties between Marvin & Co. and King & Camp should not involve the defendants in a distinct lawsuit with each party.

*J. H. Walker & J. P. Vincent,* for defendants in error.—The defendants were liable for interest, because the railroad company paid interest on all its indebtedness to them.

The defendants have not paid anything to King & Camp on the order, but the defendants' firm, of whom King & Camp were members, always treated it as a disputed claim, for the funds were deposited with Vincent, Bayley & Co., to pay when it was ascertained to whom the claim belonged. As the question of fraud between Marvin & Co. and King & Camp could not be tried

[King *et al. v.* Kelley.]

between Marvin & Co. and King, Brown & Co., and the only method to preserve the rights of the parties was to ascertain how much King, Brown & Co. owed Marvin & Co., and then ascertain by an issue to whom ,the amount thus found belonged. King, Brown & Co. could not be injured—they owed the money to some one.

The opinion of the court was delivered by

AGNEW, J.—Upon the errors assigned to the defendant's first and second points I am instructed by a majority of the court to say, that the payment of interest was not arrested by the notices from Marvin & Towner to King, Brown & Co. not to pay the debt. But there was error in the answer of the court to the fifth and sixth points. By the terms of the order of the 19th of March 1860, the acceptance of it was to be in full of all the claims of Marvin & Towner upon King, Brown & Co., excepting certain estimates. King, Brown & Co. became liable directly to Camp & King, the payees, and could not be relieved except by a return or surrender of their acceptance. After authorizing King, Brown & Co.'s acceptance in full of their claim, Marvin & Towner could not demand payment of the amount contained in the order without taking up the order, or offering to return it at the trial. Having placed the defendants in the dilemma, they are equitably estopped from recovering until they restore them to their former standing.

It is supposed, however, that Marvin & Towner could maintain the action on the contract in the name of Kelley, the legal plaintiff, and leave the ownership of the fund to be determined afterwards. In a case of mere equitable assignment, carrying with it no separate right of action to the assignee, this would be true ; for the defendant, in such case, is not involved in the consequences of the controversy as to the ownership of the fund. Camp & King, treating the order as an assignment, might have used the contract itself as their means of recovery by uniting in the prosecution of the suit. But it is an answer to all this to say they were no parties, did not authorize the suit, and did not need its aid, having themselves a direct action against the defendants on their acceptance. Had the suit been brought for their use by their authority, the defendants could have been protected by requiring a surrender of the order, or moulding the verdict to suit the case. But being no parties in law or equity to a suit not instituted by them, or under their authority, they could not be compelled to surrender the order, nor affected by the verdict. After the assignment, Marvin & Towner could not prosecute a suit without their authority, and implicate them in the consequences of a verdict. This becomes palpable when it is remem-

[King *et al. v.* Kelley.]

bered that the order was not for a specific sum, but for an unsettled account. Camp & King had a right to protect their own interests by conducting their own litigation, in order to recover all that the acceptance would entitle them to receive.

The defence was therefore good in equity; and the defendants could stand upon it till the order was returned, or the acceptance released by Camp & King.

Judgment reversed, and *venire facias de novo* is awarded.

STRONG and READ, Js., dissented from the second branch of this opinion.